Filed 6/25/26  Unity Healthcare Hospice v. Dept. of Public Health CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| UNITY HEALTHCARE HOSPICE, INC.<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>DEPARTMENT OF PUBLIC HEALTH OF THE STATE OF CALIFORNIA et al.,<br><br>    Defendants and Respondents. | B343144<br><br>(Los Angeles County<br> Super. Ct. No. 23STCV09734) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Peter Hernandez, Judge.  Affirmed.

Khouri Law Firm and Michael J. Khouri for Plaintiff and Appellant.

Rob Bonta, Attorney General, Cheryl L. Feiner, Assistant Attorney General, Maureen C.  Onyeagbako and José Pablo Galán DeLaCruz, Deputy Attorneys General, for Defendants and Respondents.

## I. INTRODUCTION

Appellant Unity Healthcare Hospice, Inc. (Unity) brought a negligence action against defendants Department of Public Health (Department) and Public Health Director Tomas J. Aragon (Aragon). Unity claimed that due to defendants' negligent processing of its application for licensure of its hospice facility, Unity was unable to obtain a license before a statewide moratorium on the issuance of hospice licenses went into effect.

The trial court granted summary judgment for defendants. The court found that Unity failed to identify a statutory basis for its negligence action, and thus the Department and its employees were immune from tort liability under the Government Claims Act (Gov. Code, § 810 et seq.).[1]

On appeal, Unity argues for the first time that section 815.6 provides a basis for defendants' liability. Because this argument was not presented below and involves factual issues, it is forfeited on appeal; furthermore, the argument fails on the merits. Thus, we affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Unity's Application for Licensure

On March 1, 2021, Unity submitted an application for licensure of a hospice agency to the Department. Unity's proposed facility was located in Thousand Oaks, in Ventura County. However, in its application, Unity specified both its business address and the address of its proposed facility as the same address in Westlake Village, which is in Los Angeles County. Unity also submitted additional documents to the Department that listed the address as in Westlake Village rather than in Thousand Oaks.

Over the next several months, the Department contacted Unity on several occasions for additional information or clarification of information on the application. Because the application specified a proposed service location in Los Angeles County, the Department forwarded Unity's application to the Los Angeles District Office to conduct the licensure survey.

---

[1]     Unspecified section references are to the Government Code.

## B. The Statutory Moratorium

On October 4, 2021, the Legislature enacted Health and Safety Code sections 1751.70 to 1751.85, imposing a five-year statewide statutory moratorium on the issuance of any new licenses to operate a hospice agency, effective January 1, 2022. (Stats. 2021, ch. 494, § 1.) Health and Safety Code section 1751.75 provides that the Department may grant an exception to the moratorium if the applicant shows a demonstrable need for hospice services in the area where the applicant proposes to operate.

Pursuant to these provisions, on December 20, 2021, defendants sent a letter to Unity stating that if Unity wished for the Department to continue processing its licensing application despite the imminent statutory moratorium, it would need to provide written documentation demonstrating an unmet need for hospice services in its proposed service area by January 31, 2022. Otherwise, Unity's application would be "automatically" withdrawn due to the moratorium. Three days later, upon discovering that the facility was located in Ventura County, defendants forwarded the application to the Ventura County District Office for the required licensure survey.

Unity did not provide documentation demonstrating an unmet need for hospice services in its proposed service area in response to the Department's December 20, 2021 request. Accordingly, by letter dated March 16, 2022, the Department informed Unity that its application was automatically deemed withdrawn, effectively denying the application.

## C. Trial Court Proceedings

Unity filed its complaint against the Department and Aragon on May 1, 2023, alleging a single cause of action for negligence. The complaint alleged that defendants delayed Unity's application for hospice licensure by erroneously sending the application to the Los Angeles District Office instead of the Ventura County District Office for the required licensure survey and that the delay prevented licensure before the statewide moratorium went into effect. Unity did not allege any statutory grounds for said alleged negligence.

Defendants filed a motion for summary judgment. Defendants argued that Unity's failure to assert any statutory basis for liability defeated its negligence claim against the Department because section 815 provides that a public entity has immunity for any act or omission of the public entity or a

3

public employee, "[e]xcept as otherwise expressly provided by statute." Defendants also argued that Aragon was immune from liability under section 820.8, which similarly provides that, "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person."

Defendants further argued the Department had no vicarious liability for the actions of its employees because its employees were immune from liability under, inter alia, sections 821.2 (immunity with respect to licensure applications) and 822.2 (immunity for misrepresentations unless made with actual fraud, corruption, or actual malice). (See § 815.2, subd. (b) ["Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."].)

Finally, defendants argued that statutory immunity applied to the Department under section 818.4, which covers "injury caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, . . . or similar authorization where the public entity or an employee of the public entity is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked."

In opposition, Unity relied on section 815.2, subdivision (a), which states, "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his [or her] employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his [or her] personal representative." Unity contended that this provision, alone, constituted an exception to the immunity provision of section 815.2, subdivision (b). Unity further argued that sections 818.4 and 821.2 did not apply because Unity was "never denied a license," but rather the application was deemed "withdrawn." Regarding section 822.2, Unity admitted that it was not alleging misrepresentations by the Department's employees but rather only that "the Department staff was negligent in its processing of the approval of the license."

4

On October 10, 2024, the trial court heard the motion for summary judgment. The trial court granted defendants' motion in a written ruling, subsequently incorporated by reference into the judgment. The court rejected Unity's reliance on section 815.2, subdivision (a) as a basis for liability for the Department and found that sections 818.4 and 821.2 immunized both the Department and its employees for their refusal to issue the license. Finally, the trial court found "no evidence that the requirements for the exception [to the moratorium] were met much less attempted."

The trial court entered judgment in favor of defendants, and Unity timely appealed.

## III. DISCUSSION

### A. Standard of Review

This court reviews a trial court's grant of summary judgment de novo, applying the same standard as in the trial court. (*Villalobos v. City of Santa Maria* (2022) 85 Cal.App.5th 383, 388 (*Villalabos*).)

Summary judgment is appropriate "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) "A defendant moving for summary judgment 'bears the burden of persuasion that "one or more elements of" the "cause of action" in question "cannot be established," or that "there is a complete defense" thereto. [Citation.]' " (*Villalobos*, *supra*, 85 Cal.App.5th at p. 388, quoting *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) If the defendant carries this burden, the burden of production shifts to the plaintiff "to make a prima facie showing of the existence of a triable issue of material fact." (*Villalobos,* at p. 388.)

The appellate court " 'must presume the judgment is correct[,]' " and the appellant carries the burden of " 'affirmatively [demonstrating] error' " in that judgment. (*Villalobos*, *supra*, 85 Cal.App.5th at 388.) To carry that burden, an appellant must " 'point out the triable issues the appellant claims are present by citation to the record and any supporting authority. In other words, review is limited to issues which have been adequately raised and briefed.'" (*Claudio v. Regents of the Univ. of Cal.* (2005) 134 Cal.App.4th 224, 230.)

5

## B. Unity's Argument on Appeal

On appeal, Unity does not raise the specific statutory grounds for liability that it argued before the trial court. Instead, Unity asserts, for the first time, that defendants are liable pursuant to section 815.6, which imposes liability on a public entity for a failure to discharge a "mandatory duty imposed by enactment."[2]

As this argument was not made before the trial court, it is forfeited. (See *Pacific Lumber Co. v. State Water Resources Control Board* (2006) 37 Cal.4th 921, 945, fn. 14 [plaintiff forfeited claim "by failing to develop it before the trial court"].) In an appellate review of summary judgment, "'[a]n argument or theory will . . . not be considered if it is raised for the first time on appeal. [Citation.]'" (*People v. Venice Suites, LLC* (2021) 71 Cal.App.5th 715, 724 (*Venice Suites*).) "'A party is not permitted to change his position and adopt a new and different theory on appeal. To permit him [or her] to do so would not only be unfair to the trial court, but manifestly unjust to the opposing litigant.'" (*Ibid.*)

"[A] reviewing court may exercise its discretion to reach the merits of a newly raised issue in certain circumstances. [Citations.] For example, an appellant may be permitted to change his or her theory when a question of law alone is presented on the facts appearing in the record. In that case, the opposing party is not required to defend for the first time on appeal against a new theory that contemplates a controverted factual situation." (*Venice Suites, supra*, 195 Cal.App.3d at p. 724.)

Here, Unity's section 815.6 theory does not present a question of law alone, as it relies on various factual contentions: that by effectively denying Unity's application, defendants "jeopardize[d] the[] health and safety" of people who needed hospice care; and that defendants "made the licensure process more burdensome and costly for the California public including

---

[2] Section 815.6 states: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

members of low density or farming communities."  Because Unity did not raise these factual contentions before the trial court, it cannot rely on them to create a triable issue of fact on appeal.

We note briefly that, even if we were to reach the new argument raised, Unity has not demonstrated error.  Courts have construed the statutory duty requirement under section 815.6 rather strictly, finding a mandatory duty only if an enactment " 'affirmatively imposes the duty and provides implementing guidelines.'"  (*County of Los Angeles v. Superior Court* (2024) 107 Cal.App.5th 160, 178.)  The California Supreme Court "has rejected attempts by plaintiffs to find a mandatory duty based on an 'implied duty' read into a statute" and has held that a " 'general statement of public policy' cannot serve as the basis for a mandatory duty under section 815.6."  (*Tuthill v. City of San Buenaventura* (2014) 223 Cal.App.4th 1081, 1090.)

The enactments Unity relies on as providing a mandatory duty are Health and Safety Code sections 131050 and 1745.  Health and Safety Code section 131050 merely transfers various responsibilities, including the administration hospice licensing, from the Department of Health Services to the Department of Public Health.  Likewise, Health and Safety Code section 1745 merely sets forth legislative findings and intent.  Neither section imposes on the Department a specific affirmative duty of the Department regarding applicants for licensure.  Thus, Unity's argument on appeal fails on the merits.

## DISPOSITION

The judgment is affirmed. Respondents are entitled to recover their costs on appeal.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


COGLIATI, J.[*]


We concur:


MORI, ACTING P. J.


TAMZARIAN, J.

---

[*] Judge of the Santa Cruz Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.